IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ja Ja Dumisani Baako Okera, aka Michael Burns, ) ) ) | |
| ) | Civil Action No. 8:07-1272-TLW-BHH |
| Plaintiff, ) ) | |
| v. ) ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Jon Ozmint, Director of SCDC, ) Janice Phillips, Medical Review ) Coordinator, Warden Willie L. ) Eagleton, and C. Gardner, ) Dental Assistant, ) ) | |
| Defendants. ) ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motions for summary judgment (Docket Entries # 19, 20, 21, and 22)[1] and the plaintiff's motions for discovery (Docket Entries # 15 and 24), to dismiss the defendants' motions for summary judgment (Docket Entry # 28), and to compel (Docket Entry # 29).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

---

[1]The defendants' original motions for summary judgment, Docket Entries 19 and 20, were amended the same day they were filed by Docket Entries 21 and 22.

The plaintiff brought this action on May 4, 2007, seeking damages for alleged civil rights violations. On August 24, 2007, the defendants filed motions for summary judgment. On August 27, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motions. The plaintiff filed an affidavit in opposition to the defendant's summary judgment motion on September 17, 2007.

**FACTS PRESENTED**

The plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") currently housed in the in the Evans Correctional Institution ("ECI"). The plaintiff alleges a claim of medical indifference in regard to his dental care. The plaintiff alleges that in November 2003 while he was housed at ECI, he had a tooth extracted and during the extraction, "a filling was knocked loose in an adjacent tooth." (Compl. at 3.) He alleges he requested dental care for the loose filling, but he was told inmates were being called in the order requests were received, except for emergencies. (*Id.*) On May 10, 2004, he alleges the filling had fallen out and he was left with a hole in his tooth which "hurt at times." (*Id.*) He states he filed a request for dental care with Nurse Rivers and that Nurse Murdock responded that ECI did not have dentist and that only extreme emergencies would be seen. (*Id.*)

On June 1, 2004, the plaintiff made another request alleging that his tooth was hurting continuously and he "could feel the nerves in it." Further, he stated that his partial

2

hooked onto the same tooth and thus an extraction was not an option. (Compl. at 3-4.) Nurse Murdock responded that ECI did not have a dentist and a copy of the request had been sent to defendant Gardner. Further, Nurse Murdock informed the plaintiff that he could sign up for sick call to address his pain issues until he could be seen by a dentist. (*Id.* at 4.)

On August 17, 2004, the plaintiff wrote a letter to defendant Jon Ozmint complaining about "numerous issues, including my dental problem." (*Id.*) Defendant Janice Phillips, the Medical Review Coordinator, responded stating that ECI did not have a dentist and only urgent case could be handled and informing the plaintiff he could sign up for sick call for pain medication or antibiotics. (*Id.*) On September 10, 2004, the plaintiff states he signed up for sick call "for numerous issues, one being my tooth." (*Id.*) He alleges Gardner told him he would be scheduled to see her during the week of September 20, 2004, but that he never saw her. Then, he alleges he submitted three more requests for dental care, October 4th, October 12th, and October 14th to which he received the same response that ECI did not have a dentist and he would be treated only for emergency or urgent care.

On November 10, 2004, the plaintiff filed a grievance which was returned to him unprocessed stating that only emergency dental problems would be seen because ECI did not have a full-time dentist. (*Id.* at 4-5.) On November 16, 2004, the plaintiff alleges he was transferred to Lieber Correctional Institution ("LCI") where he signed up for dental care and

was seen by a dentist on November 29, 2004. (Compl. 5.)[2] He alleges the dentist told him there were two holes in his tooth and it was "a dead tooth," but a nerve was still alive and the dentist would try and save it . (*Id*.) Since January or February 2005, the plaintiff alleges he has had constant pain in his tooth which is alleviated only upon removing his partial. He alleges the pain intensifies when he brushes his teeth. (*Id.*)

In his complaint, the plaintiff alleges cruel and unusual punishment and deliberate indifference to medical needs against the defendants and additionally alleges claims of failure to supervise against defendants Ozmint and Warden Eagleton. He is seeking actual and punitive damages and injunctive relief in the form of a new partial and an implant to replace his damaged tooth to be performed by an outside dentist of his choice. (Compl. at 6-8.) He also seeks the reinstatement of preventive dental care at ECI. (Compl. at 10.)[3]

## APPLICABLE LAW

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to

---

[2] It appears the plaintiff has since been transferred back to ECI.

[3] To the extent that the plaintiff is attempting to bring suit on the behalf of other inmates, (see also Pl.'s Aff. Opp. Summ. J. Mot. Exs. J-K), the court finds that he has no standing to bring such a claim. *Inmates v. Owens*, 561 F.2d 560 (4th Cir.1977).

summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**DISCUSSION**

The plaintiff alleges he was denied dental treatment while he was in ECI from November 2003 through November 2004. In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to evince that the defendants had actual knowledge of and disregard for an objectively serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.' " *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va.1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987)). Further, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977).

Turning to the plaintiff's allegations, the plaintiff alleges that he was denied dental care by all of the defendants while he was housed at the ECI from November 2003 to November 2004. He alleges that in November 2003, one of his fillings was knocked loose when another tooth was extracted and eventually this filling fell out. He alleges, despite

6

numerous requests to replace the filling, it was not replaced until he was transferred to LCI in November 2004.

The record shows that the plaintiff was informed numerous times that, until his dental problems reached an emergent level, he would be left on the waiting list and his dental needs would be addressed in the listed order. (Compl. Ex.; Pl.'s Aff. ¶¶ 2-6.) While the plaintiff contends that he continually complained over a one-year period about his filling, he does not dispute that he did not request emergency dental services during this time.

Furthermore, even assuming he was denied dental treatment, the plaintiff has not alleged any serious injury. The plaintiff alleges the dentist at LCI told him his tooth was "a dead tooth" and yet he also alleges the same dentist told him he would try and save the tooth because one nerve was still alive or active. (Compl. at 5.) He states that after the filling in the tooth was replaced, the pain decreased. (Pl.'s Aff. ¶ 9.) He then alleges that since January or February of 2005, he has experienced constant pain in the tooth which is alleviated only when he removes his partial. (Compl. at 5; Pl.'s Aff. ¶ 9.) He further alleges the pain intensifies when he brushes his teeth and gum and that he has developed a growth above his gum near the tooth. (Compl. at 5.) Even assuming the defendants were deliberately indifferent to the plaintiff's dental needs, there is no evidence in the record that the delay in replacing the plaintiff's filling caused the pain or growth which the plaintiff alleges he has been experiencing since January or February 2005. In fact, he states the pain decreased for several months after the filling was replaced and he states he does not know when the growth appeared. (Pl.'s Aff. ¶ 9.) There is no evidence linking this growth

or his current pain and discomfort to the alleged delay in having his filling replaced. Accordingly, the defendants should be granted summary judgment on this claim.

As for the plaintiff's claims against defendants Ozmint and Eagleton, the plaintiff alleges these defendants are liable based upon supervisory liability. (Compl. at 9.) It is well-established that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See, e.g., Monell v. Dept. of Social Svs.*, 436 U.S. 658, 691-92 (1978). A medical indifference claim is not appropriate against a superintendent/supervisor absent an allegation that he was personally connected to the treatment received. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977). To hold a supervisor liable for a constitutional injury inflicted by a subordinate under § 1983, the plaintiff must allege facts establishing the following elements: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir .1994). Thus, in the context of a medical or dental indifference claim, supervisory liability may only be shown where the official failed to promptly provide a prisoner with necessary medical care, deliberately interfered with a prison dentist's performance, or was indifferent to a prison dentist's constitutional violation. *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir.1990).

Here, the plaintiff has presented no evidence that the defendants Ozmint or Eagleton had actual knowledge and disregarded a substantial risk of serious injury to the plaintiff resulting from the alleged lack of dental care. Mere awareness of a complaint is not sufficient to show "knowledge that a subordinate was engaging in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury," which is the first prong of the supervisory liability standard. *Shaw*, 13 F.3d at 799. *See also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (holding prison officials cannot be held liable under § 1983 for failing to respond to grievances which alert them of unconstitutional actions); *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D.Mich.1987)(holding that merely bringing problem to attention of supervisory official is not sufficient to impose liability). The plaintiff has also failed to provide any evidence demonstrating that the response of these defendants was inadequate and/or that their inaction caused any constitutional injury. Thus, these defendants cannot be held liable under a respondeat superior theory under § 1983 for the plaintiff's alleged lack of dental care. Accordingly, it is recommended that the defendants' summary judgment motion be granted.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the Defendants' Motions for Summary Judgment (# 19, 20, 21, and 22) be GRANTED and the Plaintiff's complaint be DISMISSED with prejudice.

FURTHER IT IS RECOMMENDED that the Plaintiff's Motions for Discovery (#15 and 24), to Dismiss the Defendants' Motions for Summary Judgment (# 28), and to Compel (# 29) be DENIED as moot.

IT IS SO RECOMMENDED.

                                         s/Bruce Howe Hendricks
                                         United States Magistrate Judge

January 9, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).