IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ja Ja Duminsani Baako Okera, aka Michael Burns, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No.:8:07-1272-TLW-BHH ) |
| Jon Ozmint, Director of SCDC, Janice Phillips, Medical Review Coordinator, Warden Willie L. Eagleton, and C. Gardner, Dental Assistant, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff, Ja Ja Duminsani Baako Okera, ("plaintiff") brought this civil rights action, *pro se*, under 42 U.S.C. § 1983 on May 4, 2007. (Doc. #1). The defendants filed motions for summary judgment on August 24, 2007. (Doc. #'s 19, 20, 21, 22).[1] On August 27, 2007, plaintiff was provided copies of the motions and was given an explanation of summary judgment procedure as well as pertinent extracts from rule 56 of the Federal Rules of Civil Procedure as required by Rosoboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (Doc. #23). On September 17, 2007, the plaintiff filed a response in opposition to the defendants' motion for summary judgment. (Doc. #27).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Howe Hendricks, to whom this case had previously been assigned. (Doc. #30). In the Report, Magistrate Judge Hendricks recommends that

---

[1] The defendants' original motions for summary judgment, Docket Entries 19 and 20, were amended the same day they were filed by Docket Entries 21 and 22.

the District Court grant summary judgment in favor of the defendants. (Doc. #56). The plaintiff filed objections to the report. (Doc. #31).

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. #30). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that defendants' motions for summary judgment be **GRANTED** (Doc. #'s 19, 20, 21, and 22) and the plaintiff's complaint **DISMISSED** with prejudice. (Doc. #1).[2]

**IT IS SO ORDERED**.

    s/Terry L. Wooten

Terry L. Wooten
United States District Judge

February 26, 2007

Florence, South Carolina

---

[2] The Court hereby deems all outstanding motions **MOOT**.